# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-191V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
KYLE CARDA and SHANNON CARDA, on        *
behalf of G.J.C.,                       *   Special Master Corcoran
                                        *
              Petitioners,              *   Filed: March 23, 2017
                                        *
       v.                               *   Decision; Attorney's Fees and Costs.
                                        *
                                        *
SECRETARY OF HEALTH AND                 *
HUMAN SERVICES,                         *
                                        *
              Respondent.               *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Robert D. Trzynka*, The Cutler Law Firm, Sioux Falls, SD, for Petitioners.

*Sarah C. Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING IN PART INTERIM ATTORNEY'S FEES AND COSTS**[1]

On March 6, 2014, Kyle and Shannon Carda filed a petition on behalf of their minor child, G.J.C., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that G.J.C. suffered from intussusception as a result of receiving the Rotateq rotavirus vaccine on January 23, 2013, and March 26, 2013. ECF No. 1. The matter was recently tried on January 24-25, 2017, and the parties are now preparing post-hearing filings.

Petitioners have asked for an interim award of fees and costs on two occasions. On July 7,

---

[1] I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

2016, Petitioners filed their first such request seeking an interim award of $54,870.21 in total. *See* First Motion for Interim Attorney's Fees and Expenses, dated July 7, 2016 (ECF No. 40). I granted this motion in part, awarding interim fees and costs of $34,122.83. *See* Decision, dated August 19, 2016 (ECF No. 45) ("First Interim Fees Decision"). Although I awarded most of the attorney's fees requested, I granted only half of the requested expert costs, on the grounds that they were insufficiently justified or premature, but indicated that Petitioners could request the remainder of that expert time after hearing. *See* First Interim Fees Decision at 6.

Petitioners have now filed a second interim motion for attorney's fees and costs, dated February 16, 2017. ECF No. 80 ("Fees App."). Petitioners request reimbursement of attorney's fees and costs in the amount of $75,798.45 – representing $29,244.90 in additional attorney's fees; $14,588.47 in attorney's costs; and $31,964.98 in past unreimbursed and current expert costs. Fees App. at 4. These amounts reflect work performed on the matter between July 2016 and the hearing itself. In addition, and in compliance with General Order No. 9, Petitioners represent that they personally have incurred $1,852.37 in litigation-related expenses in conjunction with traveling to the entitlement hearing in Washington, DC. *Id.*; Ex. F to Fees App.

Respondent filed a brief reacting to Petitioners' fees request on March 6, 2017. ECF No. 81. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent added that he defers to my determination of whether or not Petitioners have met the legal standards for an award of interim fees and costs, but is otherwise satisfied that the statutory requirements for an award of attorney's fees and costs has been met. *Id.* at 2.

## ANALYSIS[3]

### I. Request for Expert Costs

I determined in the First Interim Fees Decision that both of Petitioners' experts were entitled to $400 per hour, rather than the requested $500 per hour. First Interim Fees Decision at 6. However, the present request seeks compensation at $500 per hour for both. This sum is at the top end of what testifying experts commonly receive in the Program, or (in the case of Dr. Shoenfeld) exceed what has been awarded previously. First Interim Fees Decision at 6. I found $400 per hour to be an appropriate rate for both Dr. Shoenfeld and Dr. Santoro based on these considerations. *Id.* Petitioners have not set forth any new arguments or substantiation for why a

---

[3] The First Interim Fees Decision sets forth the law applicable to such a request and is incorporated by reference herein.

$500 hourly rate would be appropriate for either expert. Thus, I will again award only $400 per hour for both experts.

Petitioners specifically request $5,250.00 for 10.5 hours of Dr. Santoro's work in preparation for the entitlement hearing, as well as his appearance via teleconference at the hearing. Ex. D to Fees App. I will award the total amount of hours requested, but at a rate of $400 per hour. Therefore, Dr. Santoro will receive $4,200.00 for that work.

Petitioners then request $11,250.00 for Dr. Shoenfeld's flight to and from Washington, D.C., plus his appearance at the entitlement hearing. Ex. E to Fees App. Specifically, they request 8.5 hours at a rate of $500 per hour, as well as 28 hours of travel time billed at half of Dr. Shoenfeld's requested rate ($250 per hour). *Id.* I will award this time, but based upon the $400 hourly rate I previously determined to be appropriate for his 8.5 hours of time at the hearing, and $200 per hour for his travel time, consistent with Dr. Shoenfeld's requested reduced rate. *See* Affidavit of Dr. Yehuda Shoenfeld, M.D. (ECF No. 80-1); Ex. E to Fees App. Therefore, Dr. Shoenfeld will receive a total of $9,000.00 for his work.

There is finally the issue of expert costs requested, but not awarded, at the time of the first interim fees request. I determined then that it was only appropriate to award half of the requested amounts for both Dr. Shoenfeld and Dr. Santoro, because I was unable to evaluate at that time whether the experts' testimony merited the amount of time spent on its development. *Id.* Now that the hearing has taken place and both experts have testified, I will award these additional expert costs based on my determined rate of $400/hour for both experts. Petitioners shall therefore receive $8,700.00 for Dr. Santoro ($400 x 21.75 uncompensated hours) and $2,800.00 for Dr. Shoenfeld ($400 x 7 uncompensated hours), for a total of $11,500.00. Any remaining uncompensated amounts related to previously-requested costs were denied for reasons determined in the First Interim Fees Decision, and therefore will not be awarded now.

**II. Requests for Additional Attorney's Fees and Costs**

As noted, this is the second interim fees request submitted in this case. At the close of hearing in January, I invited Petitioners to make a request – but it was my intent only that Petitioners be promptly compensated for expert costs, not that they seek another piecemeal fees award while the case was pending. I had hoped that the parties would consent to a sum to be awarded, rather than Petitioners make a lengthy filing.

It is not a best practice for counsel to file serial requests for interim fees awards, except in the rare cases where a Program litigation is especially protracted. *See, e.g., King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2252534, at *3 (Fed. Cl. Spec. Mstr. July 10, 2009)

(noting that in the vast majority of Program cases, only one award for interim fees and costs (if any) would be appropriate). That is especially so here, where counsel will be seeking even more fees once they have completed post-trial briefing (and could incur additional fees beyond that if appeal is sought after a decision is rendered in this case). Otherwise, I will be making at least three or more separate fees and costs determinations in this case – something that exceeds what are otherwise agreed to be the proper circumstances for an interim award in the first place.

Accordingly, and in the exercise of my discretion, I will defer resolution of the present second interim request for additional attorney's fees and litigation costs not addressed herein until Petitioners file a final fees request.[4]

### III. Petitioners' Unreimbursed Travel Costs

Petitioners request $1,852.37 for travel expenses personally incurred in attending the entitlement hearing in Washington, DC. *See* Ex. F to Fees App. I find nothing objectionable about this amount, nor did Respondent raise any particular objections. Therefore, I will award it in full.

### CONCLUSION

Based on all of the above, the following chart sets forth the total calculation of Petitioners' interim fees award:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---|---|---|
| Dr. Santoro's Fees | $16,125.00 | $3,225.00 | $12,900.00 |
| Dr. Shoenfeld's Fees | $14,750.00 | $2,950.00 | $11,800.00 |
| Petitioners' Separate Travel Costs | $1,852.37 | None | $1,852.37 |
| **TOTAL:** |  |  | **$26,552.37** |

Accordingly, I hereby **GRANT IN PART** Petitioners' Motion for attorney's fees and costs. I award a total of **$24,700.00** as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel, Mr. Robert Trzynka, Esq., for expert costs. I award separate costs payable to Kyle and Shannon Carda in the amount of **$1,852.37**. I hereby **DEFER** ruling on all other elements of Petitioners' motion at this time.

---

[4] I do note that the requested rates are consistent with what was previously requested and awarded in my First Interim Fees Decision, and that the magnitude of hours sought overall appears reasonable. Nor has Respondent offered any substantive objection to these amounts.

The clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran<br>Brian H. Corcoran<br>Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.