# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-191V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *
KYLE CARDA and SHANNON CARDA, *on behalf of* G.J.C.,

          Petitioners,

          v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

          Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * *

Special Master Corcoran

Filed: September 5, 2017

Decision; Attorney's Fees and Costs. Interim Request

*Robert D. Trzynka*, Cutler & Donahoe, LLP, Sioux Falls, SD, for Petitioners.

*Sarah C. Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION DENYING MOTION FOR INTERIM ATTORNEY'S FEES AND COSTS**[1]

On March 6, 2014, Kyle and Shannon Carda filed a petition on behalf of their minor child, G.J.C., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that G.J.C. experienced an intussusception as a result of receiving the Rotateq rotavirus vaccine on January 23, 2013, and March 26, 2013. ECF No. 1. The matter was tried on January 24-25, 2017, and a decision is pending.

---

[1] Although this decision has not been designated for publication, it will nevertheless be posted on the United States Court of Federal Claims' website, and in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioners have asked for an interim award of fees and costs on two occasions. On July 7, 2016, Petitioners filed their first such request, seeking an interim award of $54,870.21 in total. *See* First Motion for Interim Attorney's Fees and Expenses, dated July 7, 2016 (ECF No. 40). I granted this motion in part, awarding interim fees and costs of $34,122.83. *See* Decision, dated August 19, 2016 (ECF No. 45) ("First Interim Attorney's Fees Decision"). Although I awarded most of the fees requested, I granted only half of the requested expert costs, on the grounds that they were insufficiently justified or premature, but indicated that Petitioners could request the remainder of that expert time after hearing. *See* First Interim Fees Decision at 6.

After the hearing, Petitioners filed a second interim motion for attorney's fees and costs on February 16, 2017. ECF No. 80. That motion sought reimbursement of attorney's fees and costs in the amount of $75,798.45 – representing $29,244.90 in additional attorney's fees; $14,588.47 in attorney's costs; and $31,964.98 in past unreimbursed and current expert costs – and reflecting work performed between July 2016 and the January 2017 hearing. By decision dated March 23, 2017, I granted the second fees and costs request in part, allowing an award of approximately $24,000.00 to reimburse Petitioners for their experts' testimony, plus a sum awarded for the Cardas personal travel costs to appear at the hearing. ECF No. 82 ("Second Fees Dec."). I deferred resolution of Petitioners' attorney's fees request, however, noting that I had already made one such award, and that therefore the grounds for a second interim award were far less persuasive. Second Fees Dec. at 3-4. I also stated that additional attorney's fees might be generated in the case, and that it would be preferable to defer action on the request until the case was truly over. *Id.* at 4.

Despite my prior determination (and accompanying disclosure of my views on the propriety of multiple interim fees awards in a Vaccine Program case), Petitioners have now made a third interim request. *See* Motion, dated August 22, 2017 (ECF No. 91) ("Third Fees Req."). In it, they request $76,482.98 in attorney's fees for work completed between July 2016 and June 2017 (and thus incorporating the fees I previously refused to award on an interim basis), arguing that some of Petitioners' fees are now over a year old and should be accounted for before the end of 2017. Further, Petitioners argue that the entitlement hearing and post-trial brief required a substantial amount of research. Third Fees Req. at 2-3. The present motion does not include any cost request.[3]

The new fees motion, however, establishes no special circumstances justifying yet another fees award. *See Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1350 (Fed. Cir. 2008)

---

[3] Respondent filed a brief reacting to Petitioners' fee request on September 5, 2017. ECF No. 93. Respondent defers to my determination of whether or not Petitioners have met the legal standards for an award of interim fees and costs, but is otherwise satisfied that the statutory requirements for an award of attorney's fees and costs has been met. *Id.* at 2.

(limiting interim fees to cases where proceedings are protracted and costly experts must be retained); *King v. Sec'y of Health & Human Servs.*, No. 03-584V, 2009 WL 2252534, at *3-4 (Fed. Cl. Spec. Mstr. July 10, 2009). Nor does it directly address my prior points about my preference to limit the number of interim awards in a given case. *See Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2017 WL 1709707, at *2 (Fed. Cl. Spec. Mstr. Mar. 23, 2017). With two such awards already issued, that limit has been reached, and (in my discretion to award *any* interim fee), I see no basis for yet another.

I am sympathetic to counsel's desire to be compensated for work on this case as soon as possible. But the Vaccine Program is not a lawyers' aid society. Rather, it exists to aid claimants - and their counsel only indirectly. The Program's policy goal of encouraging competent counsel to appear for claimants is served by its generous fees provisions, but is not subverted by requiring counsel in appropriate circumstances to await a fees award until the case is over.

Accordingly, and for the reasons stated, I **DENY** Petitioners' third interim fees request. Petitioners may file a final fees request at the close of the case, and may include in that request any fees not awarded to date but incurred in work on this matter.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

3