# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 14-191V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| KYLE CARDA and SHANNON CARDA, *on behalf of* G.J.C., | \* \* \* | Special Master Corcoran |
| Petitioners, | \* \* | Filed: December 19, 2017 |
| v. | \* \* \* | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* \* | |
| Respondent. | \* \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert D. Trzynka*, The Cutler Law Firm, Sioux Falls, SD, for Petitioners.

*Sarah C. Duncan*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On March 6, 2014, Kyle and Shannon Carda filed a petition on behalf of their minor child, G.J.C., seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that G.J.C. suffered from intussusception as a result of receiving the Rotateq rotavirus vaccine on January 23, 2013, and March 26, 2013. Petition (ECF No. 1) at 1. The matter was tried on January 24-25, 2017, and I denied an award of entitlement in my Decision dated November 16, 2017. ECF No. 96. The Decision was not appealed, and judgment has entered.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Petitioners have sought interim fees and costs awards three times before.[3] They have now filed a final request for attorney's fees and costs, dated November 17, 2017. ECF No. 97 ("Fees App."). Petitioners request reimbursement of attorney's fees and costs in the amount of $76,482.98 (representing $71,815.00 in attorney's fees for work performed on the matter between July 2016 and June 2017, inclusive of time spent at hearing, plus $4,667.98 in sales tax reimbursement). *See generally* Ex. A to Fees App. (ECF No. 97-2). No additional costs are requested. Respondent filed a brief reacting to Petitioners' fees request on November 27, 2017, disclaiming any role in resolving the propriety of fees requests, but acknowledging that the statutory requirements for an award of attorney's fees and costs in this case have been met. ECF No. 98.

The First Interim Fees Decision sets forth the law applicable to the present request. *See* Decision, dated August 19, 2016 (ECF No. 45) ("First Interim Fees Dec."). It also specifically addresses the propriety of the hourly rates sought by Petitioners' counsel, along with the reimbursement of state sales tax. First Interim Fees Dec. at 4, 6-7. I adhere to my prior determinations in resolving the present fees request.

Here, although Petitioners were not successful in pursuing their claim, I find that the matter had sufficient reasonable basis to justify a final award of fees (and Respondent has not argued otherwise). In addition, I find the hourly rate requested for counsel (reflecting an increase of $50 per hour) is nevertheless reasonable overall, in light of my prior fees award. And having reviewed the invoice submitted with the present request, I determine that the time devoted to the matter for the year-long period in question was reasonable, and therefore should not be subjected to further adjustment.

Accordingly, I hereby **GRANT** Petitioners' Motion for attorney's fees, and award a total of **$76,482.98** as a lump sum in the form of a check jointly payable to Petitioners and Petitioners' counsel, Mr. Robert Trzynka, Esq.

---

[3] On July 7, 2016, Petitioners filed their first such request seeking an interim award of $54,870.21 in total. *See* First Motion for Interim Attorney's Fees and Expenses, dated July 7, 2016 (ECF No. 40). I granted this motion in part, awarding interim fees and costs of $34,122.83. *See* Decision, dated August 19, 2016 (ECF No. 45) ("First Interim Fees Dec."). Although I awarded most of the attorney's fees requested, I granted only half of the requested expert costs, on the grounds that they were insufficiently justified or premature, but indicated that Petitioners could request the remainder of that expert time after hearing. *See* First Interim Fees Dec. at 6.

On February 16, 2017 (after the hearing in this matter), Petitioners filed their second interim fees and costs request. I awarded them expert and other costs, but deferred resolution of attorney's fees requests. *See* Decision, dated March 23, 2017 (ECF No. 82). Petitioners renewed the request for an interim award of attorney's fees by motion dated August 22, 2017, but I denied the motion, on the grounds that multiple interim awards were not appropriate absent compelling and unique circumstances. *See* Decision, dated September 5, 2017 (ECF No. 94).

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.